**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

ANTHONY W. OWENS,                    :

    Petitioner,                    :

vs.                    :           CA 14-0483-WS-C

DON BELL,                    :

    Respondent.

**REPORT AND RECOMMENDATION**

Anthony W. Owens filed a self-styled petition for writ of habeas corpus in this Court on or about October 2, 2014 (Doc. 1, at 134), along with a self-styled motion to proceed without prepayment of fees and costs (Doc. 2). This prisoner action now has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon petitioner's failure to prosecute this action and comply with the Court's order dated October 20, 2014 (Doc. 3).

Because petitioner's complaint (Doc. 1) and motion to proceed without prepayment of fees (Doc. 2) were not filed on this Court's forms, the undersigned entered an order on October 20, 2014 instructing petitioner "to complete and file this Court's form for a petition under 28 U.S.C. § 2254 . . . and [form] motion to proceed without prepayment of fees[]" not later than November 10, 2014. (Doc. 3.) Petitioner was also informed that "[f]ailure to comply with this order within the prescribed time or to notify the Court of a change of address will result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order." (*Id*.) To date, petitioner has not complied with this Court's order instructing him to file a completed

28 U.S.C. § 2254 form habeas corpus petition and form motion to proceed without prepayment of costs and fees. (*See* Docket Sheet.)

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order dated October 20, 2014, instructing him to file a form § 2254 habeas corpus petition and a form motion to proceed without prepayment of costs and fees not later than November 10, 2014. (*Compare* Docket Sheet *with* Doc. 3.) Therefore, it is recommended that the Court **DISMISS** Owens' habeas action pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful order.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 17th day of November, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**